Good morning, ladies and gentlemen. We have six cases on the calendar this morning. Two patent cases, two related cases from the Court of Federal Claims, a government employee case and a veterans case. The latter two will be submitted only in the briefs and not be submitted in the briefs. Mark Fenster for Appellant CYBERFONE SYSTEMS The district court's summary judgment of patent ineligibility of all claims prior to claim construction should be reversed because the claims of the 060 patent do not claim ineligible subject matter. Here, the district court erred by not applying this court's two-part test. Mr. Fenster, on page 3 of your opening brief, CYBERFONE says, I'm quoting, The disputed claims relate to a method and system of entering data into a transaction entry device, such as a phone or mobile phone, and exploding the data into a plurality of data transactions that are then transmitted to various relevant data storage locations for further processing. What were the disputed claims you identified to the district court, and where were your proposed constructions? Your Honor, the disputed claim terms for claim construction are identified in our brief. No, no. I didn't ask you that question. I said, what were the disputed claim terms you identified to the district court, and where were they done? Claim terms? Yes. The claim terms were identified to the district court, and they were related to both Claims 1 and Claim 18. Claim 1, the claim limitations had to do with data transactions and receiving them in a single transmission. Where in the record do we find that? Yes, and we're in the briefs to the district court at the same time since you mentioned Claim 18. Did you raise any specific argument to anything other than Claim 1? Your Honor, we weren't required to. Under this court's analysis in Ultramercial and in System Division v. Technic, which is not a precedential case, but it's at 539 Federal Appendix 333, we are not required to make the claim construction arguments. Rather, in the procedural context in which we were, the federal district court was required to either require defendants to prove that there was no claim construction under which the claims could be rendered eligible, or to adopt a claim construction most favorable to patentees. We were not required to come forward with a claim construction because under Ultramercial, those claims, each of them, are presumed valid for 101 purposes. They have to be proved invalid by clear and convincing evidence, and the presumption is that the claim construction is such that it would render it eligible. In your reply brief at page 19, you say, that the oral argument was part of the record on the motion which the court should consider. What authority do you have holdings that the district court had to consider our oral arguments not raised in the brief? Well, before this court, the oral transcript is part of the record. It's not what I have. Under Federal Rule 10, I believe. That's not the question I asked. I asked you what authority you had that the oral argument below had to, that the court had to consider arguments raised in oral argument below that were not raised in the brief below. I'm not talking about the briefing here or the oral argument here. Your Honor, I think that the oral argument is properly, I don't have a cipher, Your Honor, except for ultramersal. The oral argument, when the court hears oral argument, that is part of the record that's submitted to the court, and it's part of the record on appeal. Under ultramersal, the court was required to analyze each of those claims separately, regardless of whether we did so in our briefing. But isn't this, aren't these claims pretty clear, not requiring a particular exercise in claim construction? They deal with data, exploding the data and recombining them. Your Honor. Why isn't this just an abstract set of actions? Okay. So first we have to go through the two-step test that the court set out in CLS ultramersal. First, what is the abstract idea? The district court said that the abstract idea was obtaining, sorting, and sending information. The second part of the test then requires that we have to go through and look for meaningful limitations and say, does this claim, do these claims preempt that entire idea? And if it does, it's ineligible. But if there are limitations limiting it to a specific application, it does not. And, Your Honors, I asked this court to go through with me the specific limitations in Claims 1 and 18 because the district court failed to do so and that's the step two analysis that we have to do. And the specific limitations... You didn't raise the claim construction issues down below. So here's your chance. How would claim construction limit these claims so that they become 101 eligible? What claim construction do you advocate that would limit the claims in a meaningful way? Okay. Your Honor, first, the specific limitations of the claim have been overlooked by the court and by the district court. No, no, no. I want to hear from you. What limitations you're urging should be read into these claims to limit them to make them 101 eligible? Okay. Your Honor, the limitations come directly from the claims themselves. First of all, data transaction. This is on column 24, line 41. Data transaction. Data transaction is lexicographically defined in the patent at column 5, line 65, as a combination of a form or a series of forms containing data entry prompts and the data. So, first of all, claim construction would have shown that data transactions here are limited to form-based data transactions. Second, at line 43... What is form-based data transactions? It's a specific way of using the claim or the specification of the 040 uses forms to create data transactions. There are other ways to create data transactions that are not form-based, but this is drawn to a form-based system. Claim construction would have shown that. But the next limitation is very important, and that is at line 43, that the data transaction must be entered on a telephone in a single transmission. I think that that gets plain ordinary meaning, but claim construction would have illuminated the fact that this is limited in a very specific way. This has to take a data transaction received from a telephone in a single transmission and then explode it in a very specific way. The file history shows that that single transmission... What do you mean in a very specific way? Well, the next limitations illuminate that. The file history shows that the single transmission limitation was key to distinguishing prior art. This was a crowded field, and the single transmission limitation was added to overcome it. That itself shows that we're not claiming to the full abstract idea. What I mean, Your Honor, is that it requires obtaining the transaction in a single transmission, then exploding it. Each exploded transaction has to have different data intended for a different destination, so it requires exploding into a plurality of data transactions. The destination has to be included as part of the data transaction. That's a very specific requirement. It doesn't have to be that way. There are other ways to do it that would not infringe, and that's a specific limitation in the claim. Next, each of the exploded data transactions must be formed based on the data transaction information from the single transmission. So, this is not a system, and we specifically distinguished in the prior art, systems that had multiple transmissions. This takes a single transaction that has a one-to-many relationship, explodes it into a plurality of one-to-one relationship data transactions, and then interacts with the database in a certain way. It then sends it over the channels. Those are the specific limitations of Claim 1 that do claim a very specific way. Okay, so none of this was raised in the district court, right? No, we did argue to the district court that these claim limitations were tied to a telephone and tied to specific limitations. No, but answer my question. What you've just argued about the limitations here, that was not argued to the district court. I think that we have argued these, I think that the limitations, I think that the analysis that was done before the district court, both by the district court and by the parties, was pre-CLS. Because the answer that was not argued to the district court? Not in this way, Your Honor. Next, when we go to the limitations of Claim 18, and this was raised before the district court, there are specific limitations that, one, distinguish it from Claim 1 and require claim construction. Where in the record was Claim 18 raised before the district court? It was primarily at the oral argument, Your Honor, and that's at A652-658. But not in the briefs. You say you used the word primarily. Tell me where else it was. It was in a footnote, Your Honor, and it was only addressed in a footnote. But under this court's precedent, the district court was required to, and this court is required to, de novo, analyze those claims separately. And the court could have treated Claim 18 the same, if it had done the requisite analysis that this court has always done. And that is, analyze Claim 18 to see, does it have meaningful limitations that differentiate it from Claim 1? And here the answer is definitely one of those as well. You want to save some time for rebuttal? Yes, Your Honor. I have, I'm reserving three minutes. You have a total of 144. Do you want to save that? We'll give you three minutes if you want to let us hear from the other side. Yes, Your Honor. Thank you. I think you weren't watching your clock. I thought that this was started with 12 minutes. I apologize. Mr. Lieberman. Good morning, Judge Lurie. May it please the Court. I direct the Court's attention to Joint Appendix, page 654. At page 654, Judge Robinson asked Ms. DeFenster precisely the question that you have asked him. She said, this is how I read Claim 1. It's this three-step process. And then she said, so you tell me, how it is that Claim 1 is different from that? She asked that question of Mr. DeFenster, and he had nothing on Claim 1. The arguments that you heard from him this morning were not made to the district court. They were not made in the briefing. They were not made before the district court decided to entertain the summary judgment motion, when on four occasions we raised with the court or the court notified the parties that it was going to be entertaining a motion for summary judgment on Bilski grounds. And those arguments were not made an oral argument by Mr. DeFenster when the judge specifically directed the question to Mr. DeFenster. If he had made the arguments, would they have helped him? I do not believe so, Your Honor, for several reasons. Address that, because that would be interesting. One is that it would have been within the district court's discretion, as she properly held with respect to Claim 18, that if an argument is not made. No, no, no, but what I'm asking you is suppose he had done what he should have done and raised the arguments that he's raised here this morning in a timely way before the district court. Would those arguments have helped him on the 101 issue? They would not have, Your Honor. So tell us why not. For example, Mr. DeFenster made the argument here to this court for the first time. He didn't even make them briefs to this court about a form-driven operating system. That's not the patent that's at issue in this case or the claims that are at issue in this case. Mr. DeFenster's client has another patent, a patent, the 5805676, which is cited on the front of the 060 patent. That is a patent directed to a form-driven operating system. So maybe that argument would have helped with respect to a different patent, but not the patent in suit. Okay, what about the other things that he's argued? The other claim elements, Your Honor? Yeah. With respect to claim one, if this court were to look at what is added to this three-part... No, I'm saying he, I asked him to tell us how the claims were limited, how claim construction would have limited these claims. He made several arguments in addition to the form-based. Right. Would those other arguments help to narrow the claim in any meaningful way? I do not believe so, Your Honor. I believe Mr. Fenster made three arguments. One was based on form-based data transaction. The second was received from a telephone in a single transmission. That would not make a difference because this court has held in several cases, as has the Supreme Court, that the source of the data makes no difference in a one-on-one analysis. If the data is received in one transaction from a telephone, two transactions, it makes no difference. In any event, I don't see how a single transmission as opposed to two transmissions would affect the question of whether or not the claim is ineligible as abstract. The last argument that Mr. Fenster made had to do with explosions. I didn't completely understand the argument. He did have the opportunity to make that to the district court the way I read the plain language of the claim, and there's nothing that suggests anything to the contrary in the specification. Is it exploding? It simply means splitting up the data into different parts, and then the last element of the claim is sending the exploded data to different places. So even if he had raised the argument properly, and even if it had been considered by the district court, there would have been no difference in the district court's conclusion, but the district court didn't have the opportunity to address the issue. Turning to the issue of Claim 18, this court's rulings are very clear. Fresenius v. Baxter, the Eli Lilly case, the one in argument is not properly raised by the district court. It is not an abuse of discretion from the district court judge. You mean in the district court? Yes, I'm sorry. In the district court. Used by. My error, Your Honor. Before the district court, in the district court, it is not error for the district court to decline to address those arguments. And here, of course, the district court had local rules which prescribe how the parties are to behave. There is an anti-sandbagging rule in the District of Delaware, which says that you have to put things in your opening brief, you can't save them for the reply. Certainly, the same rule would apply with respect to opposition briefs. Particularly since there is a local rule saying that oral argument is at the discretion of the court. So, I believe there is a clear waiver there. Now, addressing the underlying 101 issue with respect to Claim 1, as almost all the members of this court in CLS and other cases, and as the Supreme Court has repeatedly found, under the two-step analysis, the first part is to look to see what the principle is that is articulated in the claim, the abstract principle, and then see what else there is in the claim that is added to that abstract principle. And depending upon whose opinion you look at, the question is, is it enough, does it add anything of significance? Here, all we have in Claim 1 are general purpose computer terms. We have database servers. We have a source of information. We have a channel for conveying information. There is nothing other than the sorts of general terms that this court, the Supreme Court, has repeatedly held is not enough to convert ineligible subject matter to eligible subject matter. If the court has no additional questions, I will cede the rest of my time. Thank you, Mr. Lieberman. Thank you, Your Honor. Mr. Fenster has three minutes of rebuttal time. Your Honors, first, what is the disembodied concept that is embodied here? There is nothing that is mere mental steps. This is dealing with an actual data transaction that is received from a telephone in a single transmission. There is no disembodied, abstract, intangible here. To the extent there is, you have to next go and ask, does the claim embody the whole field? Does it preempt the whole field? Mr. Lieberman suggests that Claim 1 doesn't have any limitations because it doesn't talk about specific hardware. Your Honors, it goes to a very specific way. It requires a single transmission being exploded into multiple transactions where each of those transactions come from that single transmission. That is a very specific way to do it and that the destination information be included in that term. Now, with respect to Claim 18, Claim 18 is separate. It has different limitations. These were raised below in the oral argument. First, Claim 18 is a data system claim that requires three tiers. The first transaction tier, the second transaction tier, and third. The first transaction tier is defined in the specification as a transaction entry device which includes conventional telephone electronics. Are you going to address the forms issue that Mr. Lieberman mentioned? The forms issue, Your Honor, we're not arguing that there is a form-driven operating system. What I said is that the claim term, data transaction, is specifically defined as forms plus data. That's all, and that's true. Where is it defined that way? Yes, Your Honor. At column 5, line 65 to 67. Claim 18 further requires a second tier and a third tier. Those are specifically defined in the specification. The second tier is database servers and their databases, and the third tier is a different category of database servers that is application-specific. That's at column 9, lines 11 to 13. Moreover, Claim 18, unlike Claim 1, specifically requires that the data transaction explosion happen at the second tier by the databases. This is important because it goes to the preemption analysis. The specification specifies that the explosion can be done either by the database servers or by the transaction entry device. Claim 1 is not so limited. Claim 18 is. Claim 18 requires that the explosion happen at the database servers. It follows, necessarily, then, that Claim 18 does not preempt the idea to the extent there is an idea embodied at all. Your Honor, if you apply the proper analysis, as you must on summary judgment, I think that there's no way to conclude that there is an abstract idea that is preempted by either Claims 1 or 18. Thank you, Your Honor. Thank you, Mr. Fenster. We'll take the case under advisement.